IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 22-111 |
| JASHAWN MACKALL | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

## I. INTRODUCTION

On February 22, 2023, the defendant entered a plea of guilty to the one-count Indictment in this case, admitting to possession of a firearm by a convicted felon. The Court has scheduled sentencing in this matter for August 16, 2023. In advance of the sentencing hearing, the United States submits this Memorandum, recommending a sentence within the United States Sentencing Commission Guidelines ("Guidelines") range of 57 to 71 months' imprisonment, followed by 3 years of supervised release. For the reasons set forth below, the United States submits that a term of imprisonment within the Guidelines range as calculated in the Presentence Investigation Report (Doc. No. 59) is an appropriate and reasonable sentence in this case.

## II. THE SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552

1

U.S. 38, 50 n.6 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

### III.  SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

**(1)  18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

**a.  The Nature and Circumstances of the Offense**

The defendant's conduct in this case is quite serious. On August 8, 2021, members of the Pennsylvania State Police attempted to initiate a traffic stop of the defendant. After a high speed chase, and the use of a Precision Immobilization Technique to stop the defendant's flight, a search warrant was executed and a firearm (both loaded and stolen) was seized from the car. Additional ammunition, as well as a bullet proof vest, empty stamp bags and scales, were also found in the defendant's car.

**b.  History and Characteristics of the Defendant**

The defendant has several prior juvenile adjudications and adult convictions. He has prior juvenile adjudications for: harassment (PSIR ¶ 29); and disorderly conduct/ engaging in fighting (PSIR ¶ 30). He also has prior adult criminal convictions for: receiving stolen property and

carrying a firearm without a license (PSIR ¶ 31), harassment (PSIR ¶ 32), loitering and prowling at nighttime (PSIR ¶ 33), disorderly conduct (PSIR ¶ 34), aggravated assault and carrying a firearm without a license (for a second time) (PSIR ¶ 35).  The defendant was in possession of a firearm during two of those prior convictions and, most importantly, the defendant shot another individual in one.  In summary, the defendant's conduct and criminal history support a Guidelines range sentence in this case.

  **(2)  18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense**

Imposition of a sentence within the Guidelines range is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Firearms offenses threaten not only that safety of the individuals involved (the defendant, responding police officers, etc.) in the offense, but also the community as a whole.

  **(3)  18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition of a Guidelines range sentence will address both general and specific deterrence.  A sentence within the Guidelines range should deter others from engaging in conduct similar to the defendant's conduct.  As to specific deterrence, the defendant appears to be undeterred by his prior encounters with law enforcement, including two prior firearms convictions.  The government respectfully submits that a sentence within the Guidelines range, followed by a 3-year term of supervised release, will ensure that the defendant spends a significant length of time under the supervision of the federal judicial system and should deter the defendant from engaging in future criminal conduct.

Regarding general deterrence, the government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

**(4) 18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines**

The Presentence Investigation Report accurately state the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that a term of incarceration within the Guidelines range, followed by 3 years of supervised release, is the appropriate disposition in this case.

**(5) 18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

**(6) 18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities**

Imposing a sentence within the Guidelines range would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**(7) 18 U.S.C. § 3553(a)(7) – The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV. <u>CONCLUSION</u>

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court impose a term of imprisonment within the Guidelines range of 57 to 71 months, followed by 3 years of supervised release.

<div style="margin-left:3em">

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
PA ID No. 82158

</div>